ANNA E. LONG, *Executrix*, AND OSCAR S. LONG, *Executor*, *of the Last Will and Testament of John S. Long, deceased*, v. MARIE E. STEELE.

**No. 680.**   (63 Pac. 280.)

PROMISSORY NOTE—*Foreclosure of Mortgage—Transaction between Parties.* In an action brought to foreclose a mortgage and for judgment on the notes thereby secured, it appeared that the notes and mortgage sued on had been procured of the defendant by the plaintiff upon the representation that they were needed to tide him over a temporary financial embarrassment and an agreement on his part to cancel and return them to the maker as soon as they had served that temporary purpose. *Held*, that as between the parties to such transaction said notes and mortgage could not form the basis for the recovery of a judgment therein.

Error from Doniphan district court; R. M. EMERY, judge. Opinion filed January 1, 1901. Affirmed.

*W. D. Webb*, for plaintiffs in error.

*S. L. Ryan, Chas. W. Reeder*, and *C. W. Ryan*, for defendant in error.

The opinion of the court was delivered by

WELLS, J.: This action was originally instituted by John S. Long in his lifetime against the defendant in error to recover a judgment upon three certain promissory notes for $500 each and for foreclosure of the mortgage securing the same.

The defendant filed an answer to the petition, containing (1) a general denial; (2) allegations that said notes and mortgage were given without consideration, as an accommodation to the payee thereof, for the purpose of tiding over a temporary embarrassment of a bank of which said payee was the principal owner, and upon the agreement upon his part that said notes should be returned to her without

payment and said mortgage canceled; and (3) a plea of the five-year statute of limitations. To this answer a reply was filed, denying the allegations in said answer, and asserting that said notes and mortgage were given for full consideration of the purchase of the lands covered by said mortgage, and that the first note mentioned in said mortgage was given up and surrendered without payment as a gift to defendant in error herein. Upon these pleadings the case was tried to a jury, who found a general verdict for the defendant, and also answered certain special questions of fact submitted to them. Upon the verdict and findings judgment was rendered for the defendant, and the case brought here upon a petition in error attached to a case-made. Afterward the action was revived in the name of the executor and executrix of John S. Long, upon the showing of his death and their appointment.

The first important question raised by the pleadings in this case is: Did John S. Long procure the execution and delivery of the mortgage and notes in controversy upon the representation that the bank of which he was the principal owner was temporarily embarrassed and needed them to tide it over such embarrasment, and that when such object was accomplised they should be canceled and returned without payment? If this question is answered in the affirmative, it makes but little difference in this case what the facts were as to the original purchase of the land. This cause stands or falls upon the validity of the notes and mortgage, and if they were procured as claimed by the defendant, then, as between the parties thereto, they have no validity and can form the basis of no rights. This question was submitted to the jury and by them decided adversely to the claims of the plaintiffs. There

11—10 KAN. APP.

was sufficient evidence to sustain this finding and there is no error pointed out that could reasonably change it. The other findings of fact are not antagonistic thereto.

The judgment of the district court must be affirmed.